**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NOLA P.,

Plaintiff,

-v- 5:25-CV-1180 (AJB/MJK)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On August 27, 2025, plaintiff Nola P.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act. Dkt. No. 1. The matter was referred to U.S. Magistrate Judge Mitchell J. Katz for a Report & Recommendation ("R&R"). *See* Dkt. No. 4.

Thereafter, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 6, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 17, 19, 20.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

On August 14, 2026, Judge Katz advised by R&R that: (1) plaintiff's motion should be denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's final decision should be affirmed; and (4) plaintiff's complaint should be dismissed. *See* Dkt. No. 21.

Plaintiff has lodged objections. Dkt. No. 22. There, plaintiff emphasizes that her benefits claim had already been remanded for further administrative proceedings after prior federal-court litigation, and that as a result, the ALJ was bound by that prior remand order and, in particular, the specific instructions issued by the Appeals Council. *See id*. In plaintiff's view, Judge Katz specifically found that the ALJ's analysis did not comply with the "supportability" factor—despite specific directions on that point by the Appeals Council—and therefore Judge Katz should have remanded on that basis alone. *Id*.

The Commissioner has failed to respond. Upon *de novo* review, Judge Katz's R&R must be modified. *See* 28 U.S.C. § 636(b)(1)(C). As plaintiff emphasizes, her benefits claim has an extended procedural history—it was previously remanded by U.S. District Judge Anne M. Nardacci after the parties agreed that further administrative proceedings were warranted. Dkt. No. 22 at 1. And as plaintiff points out, on remand the Appeals Council identified a number of specific errors in the ALJ's analysis, including, as relevant here, certain specific issues with the legal sufficiency of the ALJ's evaluation of the opinion of Jennifer Durham, FNP. *Id*. at 2.

In the R&R, Judge Katz concluded that the ALJ had once again failed to assess NP Durham's opinion in accordance with the governing law and regulations—as Judge Katz put it, the ALJ's "articulation of the <u>supportability</u> factor" with respect to this opinion "was not legally sufficient." *See* Dkt. No. 21 at 10–11, 15 (emphasis added). However, Judge Katz determined that this was a procedural error. *Id*. at 11. And procedural errors in the Social Security context are generally subject to harmless error review. *Id*. Judge Katz went on to conduct a thorough

review of the underlying record and determined that this procedural error was harmless under the circumstances.

The Court agrees with Judge Katz's bottom-line analysis. The Court also agrees with Judge Katz's conclusion that this kind of error in an ALJ's decision is generally considered a procedural error, and that procedural errors are generally subject to harmless error review. *See, e.g.*, *Alexa J.M. v. Kijakazi*, 2023 WL 4467124, at *2 (N.D.N.Y. July 11, 2023). But the procedural history of this case gives rise to another important consideration: the question of the ALJ's compliance with the Appeals Council's remand order.

"The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." *White v. Saul*, 414 F. Supp. 3d 377, 381 (W.D.N.Y. 2019) (collecting cases). Of course, the question of whether an ALJ has complied with a remand order is often a nuanced one because remand orders often give the ALJ a fair bit of leeway. *See, e.g.*, *Jackson v. Berryhill*, 2019 WL 2723415, at *3 (W.D.N.Y. July 1, 2019) (rejecting this kind of argument where the remand order directed ALJ to re-contact a certain physician "if warranted").

Here, however, the Appeals Council's remand order specifically concluded that the ALJ's previous decision "does not contain an adequate evaluation of the <u>supportability</u> of the medical opinion evidence" and directed the ALJ to engage in "[f]urther evaluation of NP Durham's opinion and its effect on the RFC." R. at 1275–1276 (emphasis added). Plaintiff points out that on remand, the ALJ "provided a virtually identical analysis as provided in the [prior] decision." Dkt. No. 22 at 2. Plaintiff even offered a chart showing how much overlap exists between the two analyses of NP Durham's opinion. *See* Dkt. No. 17-1.

In the R&R, Judge Katz agreed that the ALJ's latest written opinion once again failed to engaged in a "legally sufficient" evaluation of "the <u>supportability</u> factor." Despite what the

Commissioner argued to Judge Katz below (at Dkt. No. 19), it is hard to square the ALJ's latest analysis with the directives in the Appeals Council's remand order. And the Commissioner has not responded to plaintiff's objections on that point to this Court. In sum, then, plaintiff argued that the ALJ did not comply with the Appeals Council's remand order, specifically vis-à-vis an analysis of the "supportability" of NP Durham's opinion. And Judge Katz agreed.

That is enough to warrant another remand. To be sure, an Appeals Council's remand order "does not necessarily require a different disability determination." *Jennifer A. v. Dudek*, 2025 WL 732370, at *4 (D. Vt. Mar. 7, 2025). But where, as here, an ALJ more or less regurgitates the same analysis after being instructed by the Appeals Council to engage in a more thorough evaluation, courts are understandably reluctant to affirm. *See, e.g.*, *Gallonty v. Commissioner*, 2024 WL 4107227, at *12 (E.D.N.Y. Sept. 5, 2024) (finding that "small additions" to renewed analysis "fall short of addressing the Appeals Council's concerns"). Accordingly, the R&R will be modified and this matter will be remanded for further administrative proceedings consistent with this Order and with the prior remand order by the Appeals Council.

As a final matter, the Court notes that "[t]he law is plain that a district court has the authority to order that a different ALJ preside on remand." *Romero v. Colvin*, 2016 WL 74820, at *5 (E.D.N.Y. Jan. 6, 2016) (collecting cases). The Court declines to *order* such a remedy. However, the Court *recommends* that the Appeals Council consider reassigning this matter to a new ALJ to give plaintiff's claim the benefit of a fresh set of eyes. *See, e.g.*, *Digna T. v. Commissioner*, 2023 WL 4198736, at *7 (S.D.N.Y. June 27, 2023) (cleaned up) ("A fresh look by another ALJ would be beneficial, given that this particular ALJ has already undertaken two unsuccessful attempts to conduct a proper analysis.").

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 21) is ACCEPTED as MODIFIED;

2. Plaintiff's motion is GRANTED in part;

3. The Commissioner's motion is DENIED;

4. The Commissioner's final decision is REVERSED and VACATED; and

5. This matter is REMANDED for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge